UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GILBERT A. BYBEE,** | ) | **CASE NO. 1:12 CV 2207** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **v.** | ) | |
| | ) | **OPINION AND ORDER** |
| **DOCTOR HOUGLAN, et al.,** | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Gilbert A. Bybee filed this action under 42 U.S.C. § 1983 against

Grafton Correctional Institution ("GCI") Doctor Houglan, GCI Health Care Administrator Mrs.

Hughes, GCI Institutional Inspector Mrs. Krandel, and Ohio Department of Rehabilitation and

Correction ("ODRC") Assistant Chief Inspector Mona Parks.  In the Complaint, Plaintiff  asserts

he is not receiving appropriate medical care for a navel hernia.  He does not specify the relief he

seeks.

## I.  BACKGROUND

Plaintiff's Complaint contains few facts.  He indicates he has a navel hernia.  He

consulted with Dr. Houglan on several occasions regarding treatment for the hernia.  Dr.

Houglan believes the hernia will reduce in size if Plaintiff massages it and applies pressure to it on a regular basis.  Plaintiff claimed this did not work and he requested surgery.  Dr. Houglan does not believe surgery is necessary to treat the condition and denied his request.  Plaintiff claims Dr. Houglan was deliberately indifferent to his serious medical needs.

Plaintiff spoke with Health Care Administrator Mrs. Hughes.  He indicates she would not approve his request for surgery and "failed to act on the prison official's misconduct." (ECF. No. 1 at 5.)  He claims she was "aiding and abetting" deliberate indifference to his serious medical needs.

Finally, Plaintiff brings claims against GCI Institutional Inspector Mrs. Hughes, and ODRC Assistant Chief Inspector Mona Parks based on their respective responses to his grievances.  He claims they also "failed to act on the prison official's misconduct" by not "making the Health Care Administrator, or the Doctor do there [sic] jobs."  (ECF. No.1 at 5). He contends both of these grievance officers aided and abetted deliberate indifference to his serious medical needs.

## II.  LAW AND ANALYSIS

### Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v.*

---

[1]    An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the Plaintiff and without service of process on the Defendant, if the Court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than the simple allegation that he was unlawfully harmed by the Defendant. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

**Eighth Amendment**

Plaintiff contends the Defendants were deliberately indifferent to his serious medical needs. The Court construes this as a claim for violation of the Eighth Amendment.

The Eighth Amendment embodies "broad and idealistic concepts of dignity, civilized

---

reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

standards, humanity, and decency," against which courts must evaluate penal measures. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain," or which deprives inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Not every unpleasant experience a prisoner might endure while incarcerated, however, will constitute cruel and unusual punishment within the meaning of the Eighth Amendment. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987).  It is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348.  It does not provide protection from prison conditions which cause mere discomfort or inconvenience. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.  A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8.  Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9.  Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good

-4-

faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Liability cannot be predicated solely

on negligence.  *Id*.  A prison official violates the Eighth Amendment only when both the

objective and subjective requirements are met.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff fails to establish the objective component of his claim.  He indicates he believes

he should have surgery to correct a navel hernia.  Dr. Houglan disagrees and believes the

condition is best treated with non-surgical methods.  Ms. Hughes agrees with Dr. Houglan's

assessment.  The Eighth Amendment does not guarantee prisoners the right to unlimited access

to the medical treatment of their choice.  *See Hudson*, 503 U.S. 1, 9 (1992)(citing *Estelle*, 429

U.S. at 103-104).  The objective component is not met simply by alleging that the physician will

not order the treatment Plaintiff desires.  The Eighth Amendment is implicated only when a

sufficiently serious deprivation of medical care occurred.

Here, Plaintiff is receiving medical care for this and other conditions.  To prevail on an

Eighth Amendment claim, Plaintiff must therefore establish that the care he is receiving is "so

grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to

fundamental fairness."  *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 844

(6th Cir. 2002).  It is not sufficient to allege the physician committed medical malpractice.

*Estelle*, 429 U.S. at 106.  Plaintiff alleges he was told the hernia would reduce in size of he

massaged it and applied pressure to it regularly.  The physician did not want to operate on

Plaintiff, who he is also treating for prostate cancer.  (ECF No.  1-3 at 1.)  While Plaintiff

contends his other illnesses are irrelevant to this Eighth Amendment claim, the physician must

consider all aspect of Plaintiff's health.  Plaintiff's brief allegations in the Complaint do not

suggest Dr. Houghlan provided grossly incompetent treatment that shocked the conscience to

-5-

such an extent it was intolerable to fundamental fairness.  Plaintiff fails to establish the objective component of his claim.

Moreover, Plaintiff fails to establish the subjective component of an Eighth Amendment claim.  This portion of the Eighth Amendment analysis requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety.  *Wilson*, 501 U.S. at 302-03.  Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835.  An inmate must show that prison officials had "a sufficiently culpable state of mind" in denying medical care.  *Farmer*, 511 U.S. at 834.  This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*. at 837.

Plaintiff claims two of the Defendants, Mrs. Krandel and Mona Parks, aided and abetted deliberate indifference to his serious medical needs by resolving his grievances in a way he considered to be unfavorable.  Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983.  *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999).  The denial of the grievance is not the same as the denial of a request to receive medical care.  *Id.*; *see Martin v. Harvey*, No. 00-1439, 2001 WL 669983, at *2 (6th Cir. June 7, 2001).  Plaintiff does not allege Mrs. Krandel or Mona Parks were personally involved in the decisions concerning Plaintiff's medical treatment.  He alleges only that they participated in the grievance process.  These allegations are not sufficient to state a claim for relief against Krandel or Parks.

Plaintiff alleges Dr. Houglan would not recommend surgery and Mrs. Hughs concurred

-6-

with this decision.  Again, allegations of negligence or medical malpractice will not suffice.  The allegations in the Complaint do not suggest Dr. Houglan and Mrs. Hughes knew of a substantial risk to Plaintiff's health and safety and acted with deliberate disregard to that risk in denying his request for surgery.  They merely chose a less invasive treatment.  Plaintiff failed to state a claim for violation of the Eighth Amendment.

### III. CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED:  January 3, 2013

---

[2]   28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.